UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FEDERATED SERVICE INSURANCE
COMPANY,

    Plaintiff,

vs.

SIEVERS EQUIPMENT CO., an Illinois
Corporation, and Travis Jalinsky,

    Defendants.

Case No. 26-42

Honorable

## COMPLAINT

Plaintiff Federated Service Insurance Company ("Federated"), by counsel, brings this action, and in support thereof alleges as follows:

### INTRODUCTION AND BACKGROUND

1. This is an action pursuant to 28 U.S.C. §2201 and 2202, respectively, and Federal Rule of Civil Procedure 57 in which Federated seeks to determine and resolve questions of insurance coverage under two insurance policies issued to Defendant Sievers Equipment Co. (hereinafter "Sievers") by Federated for a default judgment against Sievers entered in favor of Defendant Travis Jalinsky ("Jalinsky"), the underlying personal injury plaintiff.

2. This action relates to an underlying civil action filed by Jalinsky against Sievers in the Circuit Court of Madison County, Illinois in Case No. 2024 LA 001070 (the "Jalinsky Action").

3. The Jalinsky Action sought damages for personal injuries Jalinsky allegedly suffered on December 6, 2022 while using a grain auger to process animal feed while

61819949.1

working at 1350 W. 4th Street in Granite City, Illinois (the "Jalinsky Accident") and which auger was allegedly purchased from Sievers by one of Jalinsky's four alternative employers. ***Exhibit 1***, Complaint, ¶¶ 10-13.

4. The Jalinsky Action was filed on August 12, 2024, and asserts causes of action against Sievers sounding in Strict Products Liability, Negligence and Breach of Warranty. *Id.,* Counts II-IV, respectively.

5. According to filings in the Jalinsky Action, Sievers was personally served with the Jalinsky Complaint on August 23, 2024.

6. According to filings in the Jalinsky Action, Sievers did not answer the Jalinsky Complaint or otherwise appear in the Jalinsky Action to defend itself.

7. On July 17, 2025 an Order of Default was entered against Sievers in the Jalinsky Action and a prove up hearing was scheduled for August 21, 2025 to determine damages. ***Exhibit 2***, Order of Default.

8. On August 21, 2025, the Circuit Court of Madison County held a prove up damages hearing and, after accepting and admitting proofs, entered a Default Judgment against Sievers in the amount of Eight Million Five Hundred Thousand Dollars ($8,500,000.00). ***Exhibit 3***, Default Judgment Order.

9. The Default Judgment Order held that Jalinsky's Complaint was filed August 12, 2024, served on Sievers August 23, 2024 and a return of service was filed with the court August 26, 2024. *Id.*

10. The Default Judgment Order further held that Sievers never filed responsive pleadings to Jalinsky's Complaint. *Id.*

11. Sievers did not notify Federated of: (a) the Jalinsky Accident; (b) the Jalinsky Action; (c) service of the Jalinsky Complaint; (d) the Order of Default; or (e) the Default Judgment Order, until December 30, 2025.

12. On December 30, 2025, Sievers emailed Federated about the Jalinsky Complaint, stating "[H]ere are the documents we were served with, back in 2024." **Exhibit 4**, December 30, 2025 email from Brian Sievers.

13. The December 30, 2025 Sievers email was the first notice Federated received of the Summons and Jalinsky Complaint.

14. The December 30, 2025 Sievers email was the first notice Federated received of the July 17, 2025 Order of Default, entered over five months earlier.

15. The December 30, 2025 Sievers email was the first notice Federated received of the August 21, 2025 Default Judgment, entered over four months earlier.

16. Federated has agreed to defend Sievers, including pursuing relief to set aside or vacate the Jalinsky Default Judgment against Sievers. **Exhibit 7,** Federated's January 14, 2026 Reservation of Rights Letter.

17. Federated's agreement to defend Sievers is subject to an express reservation of rights to deny coverage, and express notice and a reservation of rights to seek reimbursement of defense costs paid by Federated for Sievers' benefit if it is determined there is no coverage under the Primary Policy.  *Id.*

## THE PARTIES

18. Plaintiff Federated is a corporation duly formed and existing by virtue of the laws of the State of Minnesota, with its principal place of business in the State of Minnesota, and it is a citizen of the State of Minnesota.

61819949.1

19. Defendant Sievers was and is a corporation duly formed and existing by virtue of the laws of the State of Illinois, having its principal place of business in the State of Illinois.

20. Defendant Jalinsky is an individual who resides in the State of Illinois, and is a citizen of the State of Illinois.

**JURISDICTION AND VENUE**

21. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs.

22. This Court has personal jurisdiction over Jalinsky because at all times relevant hereto he was located in, resided, and was employed and injured in the State of Illinois and is an Illinois citizen.

23. This Court has personal jurisdiction over Sievers because it is a corporation domiciled and has its principal place of business in Illinois.

24. The exercise of personal jurisdiction by this Court over the aforementioned defendants is otherwise appropriate and does not offend traditional notions of justice or fair play or the due process of law.

25. Venue lies in this Court pursuant to 28 U.S.C. §1391(b)(2) because Jalinsky's claims against Sievers arose from alleged acts or omissions occurring in this district and the Federated insurance policies at issue in this action were issued to Sievers in this district.

26. Federated is not a party to the Jalinsky Action.

27. Federated's duty to afford indemnity coverage to Sievers is ripe for adjudication in this action because Sievers' liability in the Jalinsky Action has been reduced to a monetary judgment.

## THE FEDERATED INSURANCE POLICIES

28. Federated issued two liability insurance policies to Sievers that were in effect December 6, 2022 when Jalinsky alleges he was injured, and are described as follows:

   a. Federated Commercial Package Policy No. 9387126 for the period of January 1, 2022 through January 1, 2023 (the "Federated Primary Policy"). A certified copy of the Primary Policy is attached hereto as ***Exhibit 5***; and

   b. Federated Commercial Umbrella Liability Policy No. 9387128 for the period of January 1, 2022 through January 1, 2023 (the "Federated Umbrella Liability Policy"). A certified copy of the Umbrella Liability Policy is attached hereto as ***Exhibit 6***.

29. The Federated Primary Policy and Federated Umbrella Liability Policy (collectively, the "Federated Policies") are in writing and constitute the best evidence of their terms and Federated hereby incorporates by reference the Federated Policies as written instruments as if fully set forth in this Complaint under Fed.R.Civ.P. 10(c).

## THE FEDERATED POLICIES' NOTICE CONDITIONS

30. The Notice Condition in the Federated Primary Policy states as follows:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> **a.** You must see to it that we are notified as soon as practicable of "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> **(1)** How when and where the "occurrence" or offense took place;
> **(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:
**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:
**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

***Exhibit 5***, Federated Primary Policy (CG 00 01 04 13, Page 11 of 16).

31. The Notice Condition in the Federated Umbrella Policy states as follows:

**F. Duties In The Event Of Occurrence, Claim Or Suit**

**1.** You must see to it that we are notified promptly of an "accident", "allegation" or "occurrence" which may result in a claim. Notice should include:

    **a.** how, when and where the "accident", "allegation" or "occurrence" took place; and
    **b.** the names and addresses of any injured persons and witnesses.

Notice of an "accident", "allegation" or "occurrence" is not notice of a claim.

**2.** If a claim is made or suit is brought against any insured, you must see to it that we receive prompt written notice of the claim or suit.

**3.** You and any other involved insured must:
    **a.** immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

6

***Exhibit 6***, Federated Umbrella Policy (CU-F-2 (10-08), Page 8 of 10).

32. The Federated Primary Policy also includes an "Illinois Changes - Defense Costs" endorsement (IL 01 62 10 13), which provides for the reimbursement of defense costs paid by Federated for Sievers' benefit if it is determined there is no coverage under the Primary Policy and notice of the right to reimbursement of defense costs is given to Sievers.

33. By letter dated January 14, 2026, Federated sent Sievers its coverage position and reservation of rights to deny coverage under the Federated Policies for the Jalinsky Action, including the Default Judgment, and notice and reservation of its right to seek reimbursement of defense costs paid by Federated for Sievers' benefit if it is determined there is no coverage under the Federated Primary Policy. ***Exhibit 7,*** Federated's January 14, 2026 Reservation of Rights Letter.

## COUNT I
## THERE IS NO INSURANCE COVERAGE (DEFENSE AND/OR INDEMNITY) AVAILABLE UNDER THE FEDERATED PRIMARY POLICY FOR JALINSKY'S DEFAULT JUDGMENT AGAINST SIEVERS

34. Federated hereby incorporates the allegations in Paragraphs 1 through 33 as though fully set forth in their entirety for purposes of this Count I.

35. Sievers' failure to notify Federated of the Jalinsky Accident as soon as practicable breached the Notice Condition of the Federated Primary Policy.

36. Sievers' failure to provide Federated with written notice of Jalinsky's claim or "suit" (the Jalinsky Action) as soon as practicable breached the Notice Condition of the Federated Primary Policy.

7

61819949.1

37. Sievers' failure to notify Federated that it was served with the Jalinsky Action on August 23, 2024 as soon as practicable breached the Notice Condition of the Federated Primary Policy.

38. Sievers' failure to immediately send Federated copies of any demands, notices, summonses or legal papers received in connection with the Jalinsky Action breached the Notice Condition of the Federated Primary Policy.

39. Sievers' failure to immediately send Federated Jalinsky's notice of motion for entry of an order of default breached the Notice Condition of the Federated Primary Policy.

40. Sievers' failure to immediately send Federated notice of the Madison Circuit Court's entry of the order of default breached the Notice Condition of the Federated Primary Policy.

41. Sievers' failure to immediately send Federated Jalinsky's notice of motion for default judgment breached the Notice Condition of the Federated Primary Policy.

42. Sievers' failure to immediately send Federated notice of the Madison Circuit Court's entry of the Default Judgment breached the Notice Condition of the Federated Primary Policy.

43. Each of Sievers' breaches of the Federated Primary Policy Notice Condition, separately or together, resulted in material and actual prejudice to Federated.

44. Each of Sievers' breaches of the Federated Primary Policy Notice Condition, separately or together, void insurance coverage under the Federated Primary Policy (defense and/or indemnity) for: (a) the Jalinsky Accident; (b) the Jalinsky Action; and (c) the Default entry and Default Judgment in the Jalinsky Action.

45. Federated has agreed to pay the reasonable and necessary costs incurred by Sievers in the defense of the Jalinsky Action, including its effort to set aside or vacate the Jalinsky Default Judgment. Federated's agreement to pay these reasonable and necessary defense costs incurred by Sievers, however, is subject to full and complete reservation of rights under the Federated Primary Policy and under applicable law, and is further subject to an express notice to Sievers, pursuant to the Illinois Changes - Defense Costs endorsement (IL 01 62 10 13) in the Federated Primary Policy, that Federated is entitled to the reimbursement of the defense costs paid by Federated on Sievers' behalf, if it is determined that there is no insurance coverage for Sievers (for the Jalinsky Action) under the Federated Primary Policy. And in that event, Federated hereby requests an award of money damages from Sievers in the amount of the defense costs paid by Federated on Sievers' behalf.

WHEREFORE, Plaintiff Federated Service Insurance Company prays for the entry of judgment in its favor and against Defendants Sievers Equipment Co. and Travis Jalinsky as follows:

(i) Declaratory judgment that there is no defense or indemnity coverage under Federal Commercial Package Policy No. 9387126 for the: (a) Jalinsky Accident; (b) the Jalinsky Action; or (c) the Default Judgment entered in favor of Travis Jalinsky and against Sievers Equipment Co. in the Jalinsky Action;

(ii) Judgment for reimbursement of defense costs as money damages if it is determined that there is no coverage under the Federated Primary Policy; and

(iii) Fees and costs incurred in securing the relief sought herein and for such other and further relief as justice may require.

**COUNT II**
**THERE IS NO INSURANCE COVERAGE (DEFENSE AND/OR INDEMNITY) AVAILABLE UNDER THE FEDERATED COMMERCIAL UMBRELLA POLICY FOR**

9

## JALINSKY'S DEFAULT JUDGMENT AGAINST SIEVERS

46. Federated hereby incorporates the allegations in Paragraph 1 through 45 as though fully set forth in their entirety for purposes of this Count II.

47. Sievers' failure to promptly notify Federated of the Jalinsky Accident breached the Notice Condition of the Federated Umbrella Policy.

48. Sievers' failure to provide Federated with prompt written notice that it was served with the Jalinsky Action on August 23, 2024 breached the Notice Condition of the Federated Umbrella Policy.

49. Sievers' failure to provide Federated with prompt written notice of Jalinsky's claim or "suit" (the Jalinsky Action) as soon as practicable breached the Notice Condition of the Federated Umbrella Policy.

50. Sievers' failure to immediately send Federated copies of any demands, notices, summonses or legal papers received in connection with the Jalinsky Action breached the Notice Condition of the Federated Umbrella Policy.

51. Sievers' failure to immediately send Federated Jalinsky's notice of motion for entry of an order of default breached the Notice Condition of the Federated Umbrella Policy.

52. Sievers' failure to immediately send Federated notice of the Madison County Circuit Court's entry of the order of default breached the Notice Condition of the Federated Umbrella Policy.

53. Sievers' failure to immediately send Federated Jalinsky's notice of motion for default judgment breached the Notice Condition of the Federated Umbrella Policy.

54. Sievers' failure to immediately send Federated notice of the Madison County Circuit Court's entry of the Default Judgment breached the Notice Condition of the Federated Umbrella Policy.

55. Each of Sievers' breaches of the Federated Umbrella Policy's Notice Condition, separately or together, resulted in material and actual prejudice to Federated.

56. Each of Sievers' breaches of the Federated Umbrella Policy's Notice Condition, separately or together, void insurance coverage under the Federated Umbrella Policy (defense and/or indemnity) for: (a) the Jalinsky Accident; (b) the Jalinsky Action; and the Default entry and Default Judgment in the Jalinsky Action.

WHEREFORE, Plaintiff Federated Service Insurance Company prays for entry of judgment in its favor and against Defendants Sievers Equipment Co. and Travis Jalinsky as follows:

(i) Declaratory judgment that there is no defense or indemnity coverage under Federal Commercial Umbrella Liability Policy No. 9387128 for the: (a) Jalinsky Accident; (b) the Jalinsky Action; or (c) the Default Judgment entered in favor of Travis Jalinsky and against Sievers Equipment Co. in the Jalinsky Action; and

(ii) Fees and costs incurred in securing the relief sought herein and for such other and further relief as justice may require.

Date: <u>January 15, 2026.</u>

                                           Respectfully submitted by:

                                           FEDERATED SERVICE INSURANCE COMPANY,

                                           By:    */s/ John F. Sullivan*
                                                       John F. Sullivan
                                                       Plunkett Cooney, P.C.
                                                       221 N. LaSalle St., Ste. 3500
                                                       Chicago, IL 60601
                                                       (312) 970-3480

61819949.1