UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FEDERATED SERVICE INSURANCE
COMPANY,

       Plaintiff,

       v.

SIEVERS EQUIPMENT CO. and TRAVIS
JALINSKY,

       Defendants.

Case No. 26-cv-42-JPG

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on plaintiff Federated Service Insurance Company's

("Federated") motion for default judgment against defendant Travis Jalinsky (Doc. 22).  Because

the claims against defendant Sievers Equipment Co. ("Sievers") are still pending, any judgment

entered by the Court against defendant Jalinsky at this time must be pursuant to Federal Rule of

Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all

claims against one party.  *See General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379

(7th Cir. 2011);  *National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d

817, 821 (7th Cir. 1986).  Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.**  When an action
> presents more than one claim for relief—whether as a claim, counterclaim,
> crossclaim, or third-party claim—or when multiple parties are involved, the court
> may direct entry of a final judgment as to one or more, but fewer than all, claims
> or parties only if the court expressly determines that there is no just reason for
> delay.  Otherwise, any order or other decision, however designated, that
> adjudicates fewer than all the claims or the rights and liabilities of fewer than all
> the parties does not end the action as to any of the claims or parties and may be
> revised at any time before the entry of a judgment adjudicating all the claims and
> all the parties' rights and liabilities.

> "But the rule does not provide an open invitation for the district court to certify a ruling

for interlocutory appeal." *Rankins v. Sys. Sols. of Ky., LLC*, 40 F.4th 589, 591-92 (7th Cir. 2022). District courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980); *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065 (7th Cir. 1987).

In determining whether to grant judgment under Rule 54(b), the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see Rankins*, 40 F.4th at 592; *General Ins. Co.*, 644 F.3d at 379. To determine whether an order is final, the Court must "ask whether there is significant factual and legal overlap between the claim proposed for appeal and the part of the case pending in the district court." *Rankins*, 40 F.4th at 592. Where claims are substantively intertwined—such as, for example, where the pending claims factually overlap with those for which a Rule 54(b) judgment is sought—a Rule 54(b) judgment is inappropriate. *Id.*; *see General Ins. Co.*, 644 F.3d at 380.

Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *Rankins*, 40 F.4th at 592; *General Ins. Co.*, 644 F.3d at 379; *Schieffelin*, 823 F.2d at 1065-66. In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-*

*Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 512 (7th Cir. 1987).

The claims against Sievers and Jalinsky in this declaratory judgment action substantially overlap.  Federated seeks a declaration that it owes no duty to defend or indemnity Sievers, its insured, for an underlying tort lawsuit brought by Jalinsky.  Jalinsky has been joined in this action solely to bind him to any declaration in this case about Federated's duties to Sievers.  The Court's decision against both defendants will turn on its interpretation of the same two insurance policies at issue and the same facts regarding application of those policies.  The claims are not separable.  Therefore, a Rule 54(b) judgment is not appropriate in this case, and the Court **DENIES without prejudice** Federated's motion for default judgment (Doc. 22).  Federated may reapply for default judgment when the claims against Sievers are resolved.

**IT IS SO ORDERED.**
**DATED:  March 16, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3